Opinion filed December 12, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00357-CR

_____

## PRESTON DWIGHT WALTERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR15323**

## M E M O R A N D U M   O P I N I O N

Appellant, Preston Dwight Walters, has filed an untimely pro se notice of appeal from a judgment of conviction for the offense of assault family violence by occlusion. Pursuant to the terms of a plea agreement, the trial court assessed Appellant's punishment at confinement for ten years, to run concurrently with two other causes, one of which was from Palo Pinto County. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on August 27, 2019, and that his pro se notice of appeal was filed in the district clerk's office on November 18, 2019. When the appeal was filed in this court, we notified Appellant that his notice of appeal was not timely and that the trial court had certified that (1) this was a plea-bargain case in which Appellant had no right of appeal and (2) Appellant had waived his right of appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a response, but he has not shown grounds upon which this appeal may proceed.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court eighty-three days after the sentence was suspended in open court and that no motion for new trial was filed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183

S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

December 12, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.